IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **MORGAN LOWETH** and **STEVEN AUSTIN LUNDQUIST,** individually, and on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>**DOSTER LAWN & LANDSCAPING, DOSTER RENTALS and REAL ESTATE** and **DEREK DOSTER,** individually,<br><br>    Defendants. | NO. _____<br><br>**FLSA Multi-Plaintiff Action**<br>**RULE 23 Class Action**<br>**JURY TRIAL DEMANDED** |

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**

Named Plaintiffs, Morgan Loweth and Steven Austin Lundquist ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former hourly-paid employees, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against Doster Lawn & Landscaping, Doster Rentals and Real Estate and Derek Doster ("Defendants") and aver as follows:

    **I.**    **NATURE OF SUIT**

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiffs and other similarly situated hourly-paid

       employees who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendants during all times material.

2. This lawsuit is also brought as a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment, and quantum meruit claims under Tennessee common law.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed work for Defendants in this district during all times material herein. In addition, Defendants have conducted business in this district during all times material.

## II.    PARTIES

6. Plaintiff, Morgan Loweth, is an adult citizen of the United States and was employed as an hourly-paid employee by Defendants during all times relevant to this action. (Plaintiff Loweth was incorrectly listed as Loweth Morgan on Defendants' employment records.) Plaintiff Loweth's "Consent to Join" is attached as *Exhibit A*.

7. Plaintiff, Steven Austin Lundquist, is an adult citizen of the United States and was employed as an hourly-paid employee of Defendants during all times relevant to this action. Plaintiff Lundquist's "Consent to Join" is attached as *Exhibit B*.

8. Defendant, Doster Lawn & Landscaping, is a Tennessee business entity with its principal offices located at 347 Pikeview Street, Dresden, Tennessee 38225 and 119 D and C Subdivision Road, Dresden, Tennessee 38225. Defendant, Doster Lawn & Landscaping, is not registered with the Tennessee Secretary of State. It may be served at 347 Pikeview Street, Dresden, TN 38225, or 119 D and C Subdivision Road, Dresden, TN 38225.

9. Defendant, Doster Rentals and Real Estate, is a Tennessee business entity with its principal offices located at 347 Pikeview Street, Dresden, Tennessee 38225, and 119 D and C Subdivision Road, Dresden, Tennessee 38225. Defendant, Doster Rentals and Real Estate, is not registered with the Tennessee Secretary of State. It may be served at 347 Pikeview Street, Dresden, TN 38225, or 119 D and C Subdivision Road, Dresden, TN 38225.

10. Defendants, Doster Lawn & Landscaping and Doster Rentals and Real Estate, are an integrated enterprise as defined by the FLSA.

11. Defendant, Derek Doster, is an owner of Doster Lawn & Landscaping and Doster Rentals and Real Estate and has been responsible for their pay and timekeeping policies and practices during all times material to this lawsuit. He may be served at 119 D and C Subdivision Road, Dresden, TN 38225, or 347 Pikeview Street, Dresden, TN 38225.

12. As such, Defendant Derek Doster is liable for all FLSA violations of Doster Lawn & Landscaping and Doster Rentals and Real Estate as addressed in this action during all

times material herein.

### III.  COVERAGE

13. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

14. During all time material, Defendants have earned more than $500,000.00 per year in gross sales.

15. Defendants have employed two or more employees who handled goods, materials, and supplies that travelled in interstate commerce during all times material.

16. In addition, Plaintiffs and those similarly situated have also engaged in interstate commerce on behalf of Defendants during all times material.

17. Thus, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### IV.  FACTUAL ALLEGATIONS

18. Defendants have provided lawn, landscaping, and real estate/rental services to customers in and around Dresden, Tennessee, during all times relevant herein.

19. Defendant, Derek Doster, is an owner of Doster Lawn & Landscaping and Doster Rentals and Real Estate and has been responsible for their pay and timekeeping policies and practices during all times material to this lawsuit.

20. As such, Defendant Derek Doster is liable for all FLSA violations of Doster Lawn & Landscaping and Doster Rentals and Real Estate as addressed in this action during all times material herein.

21. Plaintiffs and those similarly situated have been employed by and performed work for Defendants during all times pertinent.

22. Plaintiffs and those similarly situated were employed as hourly-paid employees for Defendants during all times material.

23. Defendants have had a timekeeping system (an "apt") in which to record the compensable work hours of Plaintiff and those similarly situated during all times material. (Upon information and belief, Defendants' timekeeping system was flawed in that it did not record all of the compensable hours of Plaintiffs and those similarly situated during all times material to this lawsuit.)

24. Plaintiff and those similarly situated performed work in excess of 40 hours per week within weekly pay periods during all times material to this Complaint.

25. However, Defendant has had a common policy and practice of failing to pay Plaintiff and those similarly situated the applicable FLSA minimum wage (straight time) and overtime compensation rates of pay for all hours worked within weekly pay periods during all times material herein.

26. Defendants either failed to record all the compensable work hours of Plaintiffs and those similarly situated into their timekeeping system or "edited out" much of their compensable hours from their timekeeping system during all times relevant herein.

27. Defendants had a common plan, policy and practice of demanding, requiring, imposing, encouraging, expecting and suffering and permitting Plaintiffs and those similarly situated to perform work and other compensable activities for them without being clocked-in to their timekeeping system, and without compensating them for such compensable hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times relevant herein, such as, *inter alia*:

(a) Driving to pick up and deliver supplies on behalf of Defendants without being paid for such "off the clock" compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times relevant herein;

(b) Moving lawn and landscaping equipment and materials on behalf of Defendants during their "off-duty" time, without being paid for such "off-the-clock" compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times pertinent herein;

(c) Working during rest and meal breaks of less than 20 minutes without being paid for such "off the clock" compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material herein;

(d) Attending work-related meetings with Defendants without being paid for such "off the clock" compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times relevant herein; and

(e) Handling work-related telephone calls, text messages, emails, and other types of communications on behalf of Defendants without being paid for such "off the clock" compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material herein,

28. Moreover, Defendants had a common plan, policy, and practice of unlawfully applying

unrealistic FLSA Section 203(m) credits for lodging against the wages of Plaintiffs and those similarly situated.

29. Defendants took credit against the wages, including overtime wages, of Plaintiffs and those similarly situated for the use of their lodging under 29 U.S.C. 203(m).

30. However, Defendants were not entitled to apply a Section 203(m) credit against the wages of Plaintiffs and those similarly situated because, *inter alia*:

   (a) Defendants failed to maintain adequate and accurate records of the costs incurred in providing such lodging;

   (b) The Section 203(m) credits applied by Defendants against the wages of Plaintiffs and those similarly situated far exceeded the value of such lodging;

   (c) The lodging provided to Plaintiffs and those similarly situated was located on Defendants' premises;

   (d) The lodging provided to Plaintiffs and those similarly situated was for the benefit of Defendants rather than for the benefit of Plaintiffs and those similarly situated;

   (e) The Section 203(m) credits applied by Defendants against the wages of Plaintiffs unlawfully reduced their wages below the FLSA required minimum wage rates; and

   (f) The lodging provided to Plaintiffs and those similarly situated was in appreciable disrepair, causing Plaintiffs and those similarly situated to pay for repairs of such lodging "out of their own pockets." (For example, Plaintiff Loweth had to spend more than $500.00 to repair the HVAC unit to his lodging because of it being improperly "grounded.")

31. In addition, Defendants promised Plaintiffs and other Rule 23 class members an hourly

rate of pay for all work hours performed for them within weekly pay periods during all time material herein.

32. Plaintiffs and other Rule 23 class members accepted Defendants' offer by performing all work required by Defendants.

33. However, Defendant failed to pay Plaintiffs and other Rule 23 class members the promised wages within weekly pay periods during all times material.

34. Defendants thereby breached their contractual obligations to Plaintiffs and other Rule 23 class members by failing to pay them the wages promised during all times material herein.

35. Defendants knew, and were aware at all relevant times, that they were not compensating Plaintiff and those similarly situated for all their compensable hours at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material.

36. Defendants also knew, and were aware at all relevant times, that they were not paying Plaintiffs and other Rule 23 class members all their promised wages within weekly pay periods during all times material.

37. Defendants willfully and, with reckless disregard of established FLSA compensation requirements, failed to pay Plaintiffs and those similarly situated the applicable FLSA minimum (straight) wage and overtime compensation rates of pay owed to them within weekly pay periods during all times relevant herein.

38. Defendants do not have a good faith basis for their violations of the FLSA.

39. Defendants failed to keep timely and accurate pay records of Plaintiffs and those similarly situated, as is required by the FLSA.

40. The unpaid wage claims of Plaintiffs and those similarly situated are unified through

common theories of Defendants' FLSA violations.

41. As a result of Defendants' willful failure to pay Plaintiffs and those similarly situated in compliance with the applicable FLSA minimum (straight time) wage and overtime compensation requirements of the FLSA, they have suffered lost compensable wages as well as other damages.

42. Defendants' scheme of failing to compensate Plaintiffs and similarly situated employees for all their compensable minimum (straight time) wage and overtime compensation was to save payroll costs and payroll taxes, all for which they have received unpaid work services, unjustly enriched themselves, and enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

### V.     RULE 23 CLASS ACTION ALLEGATIONS

43. Plaintiffs bring this cause as a Fed. R. Civ. P. 23 class action on behalf of themselves and other Rule 23 class members to recover promised wages, as previously described.

44. Specifically, Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of themselves and the following Rule 23 class members:

> All hourly-paid employees who were employed by Defendants in the State of Tennessee during the past six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed to them by Defendants. (The "Rule 23 class").

45. As previously described, Defendants promised Plaintiffs and Rule 23 class members specific hourly rates of pay for all their work time within weekly pay periods during all time material.

46. Plaintiffs accepted Defendants' offer by performing the work required by Defendants.

47. However, Defendants failed to pay Plaintiffs and other Rule 23 class members the promised wages for all their work time, as previously addressed.

48. By such failure, Defendants breached their contractual obligations to Plaintiffs and other Rule 23 class members.

49. Moreover, Defendants unjustly enriched themselves by their failure to pay Plaintiffs and other Rule 23 class members their promised wages.

50. Defendants also enriched themselves by the value of the money spent by Plaintiffs and those similarly situated on repairs to the lodging provided them by Defendants.

51. Defendant also received value for the work time Plaintiffs and other Rule 23 class members spent on behalf of Defendants without compensating them for such services - in contravention of Tennessee's common law of quantum meruit.

52. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members can easily be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

53. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether Defendants breached their contractual obligations to Plaintiffs and other Rule 23 class members by their failure to pay them the promised wages within weekly pay periods during all times material herein;

    (b) Whether Defendants unjustly enriched themselves by failing to pay Plaintiffs and other Rule 23 class members the wages they promised them,

    (c) Whether Defendants unjustly enriched themselves by the value of the money spent

        by Plaintiffs and those similarly situated on repairs of the lodging provided them by Defendants;

    (d)    Whether Defendants received valuable services for the work time spent by Plaintiffs and other Rule 23 class members on their behalf without compensating them for the value of such work services;

    (e)    The nature and extent of the Rule 23 class-wide injuries and the appropriate measure of damages for Plaintiffs and the Rule 23 class members for such injuries?

54. Plaintiffs' claims are typical of Rule 23 class claims, as alleged herein.

55. Plaintiffs' claims and those of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein, and the claims are based on the same legal theories.

56. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

57. Plaintiffs are adequate Rule 23 class representatives.

58. Plaintiffs' unpaid wage claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief that would be sought by each member of the putative Rule 23 class in separate actions.

59. Plaintiffs and Rule 23 class members were subject to the same unlawful practices of Defendants in their failure to pay them all their promised wages.

60. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in

federal court against a corporate Defendant.

61. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

62. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in significant savings.

63. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are minor compared to the expense and burden of individual prosecution of this litigation.

64. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

65. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be hesitant to bring individual claims because doing so could harm their employment prospects, future employment opportunities, and efforts to secure new employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

66. Plaintiffs have engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unpaid wage claims of themselves and other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses much of its practice on wage and hour claims under the FLSA and state laws.)

67. The law firm has represented numerous other employees asserting unpaid wage claims.

68. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members of this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to seek redress for the wrongs done to them individually.

69. While the exact number of Rule 23 class members is unknown at this time and can be accessed via discovery, Plaintiffs believe there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

70. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendant.

### VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

71. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

72. Plaintiffs seek to send notice to the following similarly situated current and former hourly-paid employees of Defendants, to wit:

> All hourly-paid employees who were employed by and performed work for Defendants in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

73. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

74. The claims of Plaintiffs are typical of the claims of potential plaintiffs to this action.

75. Plaintiffs and potential plaintiffs to this action are similarly situated in that they were subjected to Defendants' unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

76. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum (straight time) wages and overtime compensation owed to them as a result of Defendants' unlawful practices.

77. In addition, Plaintiffs and potential plaintiffs to this action are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

78. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs to this action as their interests are aligned with the interests of each such potential plaintiff.

79. Plaintiffs have no interests adverse to the interests of potential plaintiffs to this action.

80. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff action litigation.

81. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small compared to

those in individual actions, making it virtually impossible for plaintiffs to seek redress for the wrongs done to them individually.

82. Plaintiffs and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

83. Plaintiffs incorporate by reference all preceding paragraphs as fully as if rewritten herein.

84. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed to them as a result of Defendants' unlawful practices, as previously described.

85. Defendants' failure to pay Plaintiffs and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

86. Defendants' common practice of willfully failing to pay Plaintiffs and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

87. Defendants have had actual knowledge of their failure to pay Plaintiffs and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

88. Defendants' conduct, as described herein, was willful with reckless disregard of clearly established FLSA compensation requirements.

89. Defendants' violations were without a good faith basis.

90. Plaintiffs and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendants: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION – BREACH OF CONTRACT

91. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely rewritten herein.

92. Plaintiffs assert a breach of contract claim because Defendants entered into valid and enforceable unilateral wage contracts with them and other Rule 23 class members pursuant to Tennessee common law by promising them a specific hourly rate of pay for all hours worked, as previously described.

93. Defendants breached such unilateral contract with Plaintiffs and other Rule 23 class members by failing to pay them their promised wages, as previously described.

94. Defendants have been aware that they failed to pay Plaintiffs and other Rule 23 class members all the wages owed them under the said unilateral contracts.

## COUNT III
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

95. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely rewritten herein.

96. Plaintiffs assert an unjust enrichment claim under Tennessee common law on the basis that Defendants failed to pay Plaintiffs and those similarly situated a specific hourly rate of pay for all hours worked, as previously described.

97. Defendants unjustly enriched themselves by their failure to pay Plaintiffs and other Rule

23 class members specific hourly rates of pay as promised them = as previously addressed.

98. Defendants also unjustly enriched themselves by the value of the money spent by Plaintiffs on repairs to the lodging provided them by Defendants.

99. Defendants were aware that they failed to pay Plaintiffs and other Rule 23 class members all the wages owed them.

100. Defendants' failure to pay Plaintiffs and other Rule 23 class members all the money promised them made it inequitable.

## COUNT IV
## RULE 23 CLASS ACTION – QUANTUM MERUIT

101. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely rewritten herein.

102. Plaintiffs assert a quantum meruit claim under Tennessee common law, based on the premise that they and each member of the Rule 23 class provided valuable work services to Defendants during all times material.

103. Defendants accepted the work of Plaintiffs and Rule 23 class members and had reasonable notice that they expected to be paid for their work time spent on behalf of Defendants.

104. However, Plaintiffs and Rule 23 class members were not paid for their time spent working on behalf of Defendants.

105. The reasonable value of the work time Plaintiffs and Rule 23 members spent on behalf of Defendants is consistent with that promised because Defendants benefited to such a degree or more from such work provided.

**PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For an Order finding that Defendants' violations of the FLSA were willful.

D. An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to FLSA Plaintiffs and potential plaintiffs.

E. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F. An award of damages to Plaintiffs and Rule 23 class members for Defendants' breach of contract.

G. An award of damages to Plaintiffs and Rule 23 class members for Defendants' unjust enrichment.

H. An award of damages to Plaintiffs and Rule 23 class members against Defendants related to their quantum meruit claims.

I. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and Rule 23 class members;

J.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

December 3, 2025                                   Respectfully Submitted,

                                                   *s/J. Russ Bryant*
                                                   Gordon E. Jackson (TN BPR #8323)
                                                   J. Russ Bryant (TN BPR #33830)
                                                   J. Joseph Leatherwood IV (TN BPR #39490)
                                                   **JACKSON, SHIELDS, HOLT,
                                                   OWEN & BRYANT**
                                                   Attorneys at Law
                                                   262 German Oak Drive
                                                   Memphis, Tennessee 38018
                                                   Telephone: (901) 754-8001
                                                   Facsimile: (901) 754-8524
                                                   *gjackson@jsyc.com*
                                                   *rbryant@jsyc.com*
                                                   *jleatherwood@jsyc.com*


                                                   ***ATTORNEYS FOR PLAINTIFFS
                                                   AND FOR OTHERS SIMILARLY
                                                   SITUATED***